ROBERTSON, Justice.
Nina May White Fillyaw filed a bill of complaint for divorce against her husband, Thurman Wilson White, in the Chancery Court of Leflore County. White executed a waiver of process and entry of appearance.
Testimony was taken and a decree rendered on July 13, 1971, awarding the complainant a divorce from the defendant and granting custody of the two minor children to the mother, with reasonable rights of visitation to the father. The 'matter of child support was held in abeyance, but the decree provided that upon application of the complainant and notice to the defendant, as required by law, the court would conduct a hearing and set a definite sum for child support.
On November 26, 1971, appellant filed a petition to set aside the decree of July 13. After a hearing thereon, the chancellor refused to set aside the decree and dismissed the petition.
The only assignment of error is that the “complainant failed to comply with the mandatory statutory requirements in divorce proceedings.”
The appellant contends that the affidavit to the bill of complaint was fatally defective in that the affidavit recited: “[T]hat the facts therein set out are true and correct as stated; that this Bill of Complaint is not filed by collusion with the Defendant, but that the cause or causes for divorce are true as therein stated,” but omitted “for the purpose of obtaining a divorce.” Section 2737, Mississippi Code 1942 Annotated (Supp.1972), provides in part: “And (6) in all cases the bill must be accompanied with an affidavit of complainant that it is not filed by collusion with the defendant, for the purpose of obtaining a divorce, but that the cause or causes for divorce stated in the bill are true as stated.”
We agree with the chancellor that the affidavit in this case was broader than that required by the statute, in that the statement under oath of no collusion with the defendant was not limited to “the purpose *925 of obtaining a divorce” but covered any and all purposes and all situations. It was a positive, unequivocal and categorical statement not limited in any way.
Of course, it would be preferable to use the exact language of the statute, but we find, as did the chancellor, that the affidavit in this case met the intent and purpose of the Legislature and the spirit of the law.
The judgment is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ„ concur.